UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TERRENCE LOWERY | * | CIVIL ACTION NO. |
|     Plaintiff | * | |
| | * | SECTION |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| | * | MAGISTRATE NO. |
| GW AUTO TRANSPORT, LLC AND | * | |
| CYPRESS INSURANCE COMPANY | * | MAGISTRATE |
|     Defendants | * | |
| * * * * * * * * * * * * * * * * * * * * * | | A JURY IS DEMANDED |

## NOTICE OF REMOVAL

TO: The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, CYPRESS INSURANCE COMPANY, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby remove this matter from the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.

On November 12, 2018, Terrence Lowery, filed this lawsuit against GW Auto Transport, LLC and Cypress Insurance Company in the Civil District Court for the Parish of Orleans, State of Louisiana, bearing docket no. 2018-11363, and entitled "*Terrence Lowery v. GW Auto Transport, LLC and Cypress Insurance Company*. (*See* Plaintiffs' Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2.

This lawsuit suit seeks damages from the defendants for "severe and permanent injuries to the structure, tissues and musculature of his body, which injuries include, but are not limited to, causing substantial physical injuries including but not limited to a herniation, disc bulge, nerve and root compromise, spinal cord compression, flexion-extension injury of the cervical, thoracic and lumbar spine with upper and lower extremity pain and symptoms and activation and/or aggravation of arthritic conditions, pains to the hip, pelvis, neck and headaches," all allegedly sustained by plaintiff as a result of a motor vehicle collision that occurred in New Orleans, Louisiana, on or about November 13, 2017. (*See* Ex. "A" at paragraphs III, VII).

{00857654 - v1}   1

3.

Plaintiffs asserts he is a resident of the State of Louisiana.  (*See* Ex. "A" at opening paragraph.)

4.

In their petition, plaintiffs name as a defendant, GW Auto Transport, LLC, an alleged foreign corporation domiciled in Smyrna, Tennessee. (*See* Ex. "A" at paragraph I(A)).

5.

Plaintiffs name as an additional defendant Cypress Insurance Company, an alleged foreign corporation licensed to do business in Louisiana and alleged to be the automobile liability insurer for GW Auto Transport, LLC.  (*See* Ex. "A" at paragraph I(B)).

6.

Cypress Insurance Company's principal place of business is in the State of California. (*See* Ex. "B").

7.

Cypress Insurance Company was served with a copy of the Petition through the Louisiana Secretary of State on December 10, 2018.  (*See* Ex. "C").

8.

To date, while service was requested by plaintiff on GW Auto Transport, LLC via Louisiana's Long Arm Statute, no return of service or supporting affidavit of service has been filed into the record.  Thus, at this time, GW Auto Transport, LLC has not been served with the Petition.  (*See* Ex. "D").  Accordingly, the consent of GW Auto Transport, LLC is not required for this removal.

9.

Cypress Insurance Company desires to have this matter removed from the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana pursuant to the provisions of 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1446 et seq.

10.

This removal is filed within 30 days of service on Cypress Insurance Company and within one year of the filing of the Petition for Damages.

**I.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

**A.  THE PARTIES TO THIS ACTION ARE DIVERSE**

11.

Plaintiff is a citizen of the state of Louisiana.

12.

Defendant, Cypress Insurance Company is a citizen of the State of California as it is a corporation incorporated in the State of California with its principal place of business in the State of California.

13.

Defendant, GW Auto Transport, LLC is alleged by plaintiff to be domiciled in the State of Tennessee.

14.

Accordingly, all parties are diverse for the purposes of 28 USC § 1332.

**B.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

15.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States . . . ."

16.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

17.

Plaintiffs have alleged injuries and damages that, if true, which defendants vehemently deny, place an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

18.

Plaintiffs specifically allege the following concerning their alleged injuries in their Petition for Damages:

> "severe and permanent injuries to the structure, tissues and musculature of his body, which injuries include, but are not limited to, causing substantial physical injuries including but not limited to a herniation, disc bulge, nerve and root compromise, spinal cord compression, flexion-extension injury of the cervical, thoracic and lumbar spine with upper and lower extremity pain and symptoms and activation and/or aggravation of arthritic conditions, pains to the hip, pelvis, neck and headaches." (*See* Ex. "A" at paragraph VII).

19.

In addition to alleging that plaintiff suffered serious injuries to multiple body parts requiring medical treatment, plaintiff's Petition for Damages does not state that his damages are less than the amount necessary for federal court jurisdiction, as required by Louisiana Civil Code article 893. Therefore, plaintiffs have in effect conceded that the requisite jurisdictional amount is in controversy, by failing to allege that their claims are for less that the requisite amount for the exercise of federal jurisdiction.

20.

Furthermore, plaintiff attached medical records to a pre-suit settlement demand that evidence the following alleged injuries and treatment, including:

a) L5-S1 central focal disc herniation and bilateral spondylosis of L5 (*See* Ex. "E," Lumbar MRI Report, 5/7/2018);

b) L5-S1 lumbar epidural steroid injection (*See* Ex. "F," Procedure Report from Dr. David Wyatt, 11/7/2018);

c) C2-3 minor hypertrophy of the right uncovertebral joint indicating degeneration, C3-4 central focal disc herniation, C4-5 central focal disc herniation, C5-6 central and right lateral broad-based disc herniation (*See* Ex. "G," Cervical MRI Report, 5/7/2018);

d) C5-6 epidural steroid injection (*See* Ex. "H," Procedure Report from Dr. David Wyatt, 11/7/2018);

e) Medical bills from Metropolitan Health Group, Orthopedic Center of Louisiana, and LA MRI, Inc. evidencing medical bills incurred to date in the amount of $7,901.60 (*See* Ex. "I," Medical bills received to date).

21.

While defendant admits no liability, nor any element of damages, defendant has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs. Both the claims of the petition and the medical bills and records provided by plaintiff's council to date show injuries

and treatment, which, if proven to be causally related to the subject accident, places the amount in controversy in excess of $75,000.

22.

Therefore, this is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et. seq.*, as the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and complete diversity exists between all adverse parties. As such, removal is appropriate.

II. **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

23.

Defendant, Cypress Insurance Company, was served with the Petition for Damages through the Louisiana Secretary of State on December 10, 2018. (*See* Ex. "C"). Defendant, GW Auto Transport, LLC, has not yet been served with the Petition for Damages. Thus, defendant Cypress Insurance Company files this removal within thirty days of service of the Petition for Damages in accordance with 28 U.S.C. § 1446(b).

24.

As of the date of this removal, no proceedings have occurred in the Civil District Court for the Parish of Orleans, State of Louisiana. As of the filing of this Notice of Removal, Cypress Insurance Company has not filed responsive pleadings in the action. Cypress Insurance Company hereby reserves all of its rights, objections, exceptions and defenses.

25.

The Civil District Court for the Parish of Orleans, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98. Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

26.

Pursuant to 28 U.S.C. § 1446(a) a copy of the Petition for Damages is attached hereto as Exhibit "A." A copy of the citation issued to GW Auto Transport, LLC is attached hereto as Exhibit "D." Copies of the citations issued by plaintiff to Cypress Insurance Company are attached hereto as Exhibit "J." There are no other citations, returns on service, pleadings or orders contained within the state Civil District Court record.

27.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiffs and a copy is being filed with the Clerk of Court for the Civil District Court, Parish of Orleans, State of Louisiana. No other process, pleadings, or orders have been served upon defendant.

28.

No previous application has been made for the relief requested herein.

29.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

30.

Cypress Insurance Company reserves the right to amend or supplement this Notice of Removal.

31.

Cypress Insurance Company is entitled to and requests a trial by jury herein on all issues.

**WHEREFORE**, defendant, Cypress Insurance Company, respectfully prays that the above numbered and entitled cause of action on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, be hereby removed from said court to the docket of United States District Court for the Eastern District of Louisiana, for a trial by jury herein, and for all other general and equitable relief.

Respectfully Submitted,

**BURGLASS & TANKERSLEY, LLC**

  /s/ Craig J. Canizaro
**ANDRÉ C. GAUDIN (#20191)**
**CRAIG J. CANIZARO (#31086)**
5213 Airline Drive
Metairie, Louisiana 70001-5602
Direct Dial Phone: (504) 836-0431
Telefax: (504) 287-0471
**Attorneys for Defendant, Cypress Insurance Company**

**CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to all other counsel on the 8th day of January, 2019.

/s/ Craig J. Canizaro